IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                                        No. CR 11-0067 JB

AVIS LYNETTE HALL,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentence Memorandum, filed September 1, 2011 (Doc. 40)("Sentencing Memorandum"). The Court held a sentencing hearing on July 29, 2011. The primary issue is whether Defendant Avis Lynette Hall should receive a downward variance from her guideline sentence. The Court will deny Hall's request for a variance and will sentence her at the low end of the guideline range -- 51 months.

**PROCEDURAL BACKGROUND**

Hall, pursuant to a Plea Agreement, filed April 11, 2011 (Doc. 29), pled guilty to the Indictment, filed January 12, 2011 (Doc. 13), charging her with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), that being possession with intent to distribute one kilogram and more of phencyclidine ("PCP"). The Plea Agreement stipulates to a 2-level reduction to Hall's base offense level under U.S.S.G. § 3B1.2 based on Parker's role as a minor participant in the criminal activity at issue. See Plea Agreement ¶ 10(a), at 5. The Plea Agreement stipulates to a 3-level reduction to Hall's base offense level under U.S.S.G. § 3E1.1 based on Hall's acceptance of responsibility. See Plea Agreement ¶ 10(b), at 5. The parties reserved the right to "assert any position or argument with

respect to the sentence to be imposed" other than with respect to the stipulations contained in the Plea Agreement. Plea Agreement ¶ 10(c), at 6.

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") on Hall on June 15, 2011. In the PSR, the USPO calculated Hall's total offense level to be 24. The PSR calculated a base offense level of 31 under U.S.S.G. § 2D1.1(c)(3). See PSR ¶ 21, at 6. The PSR noted that, pursuant to U.S.S.G. § 2D1.1(b)(16), Hall qualifies for a 2-level safety valve reduction, because she meets the criteria set forth in U.S.S.G. § 5C1.2(1)-(5). See PSR ¶ 22, at 7. The PSR noted: "In this case, it appears that the defendant was acting as a courier in transporting the PCP from Los Angeles, California, to Chicago, Illinois, and was working for others involved in the drug distribution scheme." PSR ¶ 24, at 7. The PSR applied a 2-level downward adjustment under U.S.S.G. § 3B1.2 based on Hall's role as a minor participant and because the parties stipulated to this role adjustment. See PSR ¶ 24, at 7. The PSR also included a 3-level reduction under U.S.S.G. § 3E1.1 based on Hall's acceptance of responsibility. See PSR ¶ 27, at 7. These reductions resulted in a total offense level of 24. See PSR ¶ 28, at 7. The PSR lists Hall's criminal history category as I, based on 0 criminal history points. See PSR ¶ 31, at 8. The PSR calculated that an offense level of 24 and a criminal history category of I results in a guideline imprisonment range of 51 to 63 months. See PSR ¶ 71, at 19. There being no disputes about the PSR's factual findings, the Court adopts them as its own.

On August 2, 2011, the Court held a sentencing hearing. At the hearing, it became clear that Hall's Sentencing Memorandum had not yet been filed. See Transcript of Hearing at 14:18-15:25 (taken August 26, 2011)(Court, De Pento, Backinoff)("Tr.").[1]  The Court and the United States

---

[1] The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

received a copy of the Sentencing Memorandum at the hearing, the Court took time to read the Sentencing Memorandum, and the Court considered the memorandum in reaching its sentence. In the Sentencing Memorandum, Hall argued that the Court should consider a 4-level downward role adjustment because she is among the least culpable members of the drug organization. See Sentencing Memorandum at 6. Hall also asked the Court to consider whether the PSR's guideline range would be more punishment than necessary, because the PSR calculated the guideline level based on the total weight of the substance rather than the actual amount of PCP contained in the diluted substance. See Sentencing Memorandum at 6. Hall conceded, however, that the guidelines state that the entire weight of the substance or mixture should be considered. See Sentencing Memorandum at 6 (citing U.S.S.G. § 2D1.1 cmt. B).

At the sentencing hearing, Hall stated that the Court should vary the equivalent of 11 levels to a total offense level of 13. See Tr. at 4:12-15 (De Pento). Hall emphasized that she stands ready to accept her punishment. See Tr. at 6:4-13 (De Pento). Hall argued that she has the support of her family and has made substantial progress at the halfway house. See Tr. at 6:14-7:8 (De Pento). Explaining her actions, Hall stated that she engaged in transporting drugs only to support her mother and son. See Tr. at 11:7-12 (De Pento). The United States stated that it could adequately respond to Hall's argument without filing a written response. See Tr. at 18:8-13 (Backinoff). The United States argued that PCP is an extremely toxic substance. See Tr. at 19:2-5 (Backinoff). The United States represented that, at the time of her arrest, Hall would not admit her role in the organization immediately, she lied to agents, and she withheld information. See Tr. at 19:20-20:18 (Backinoff). The United States pointed out that Hall's lack of criminal history is reflected in her ability to qualify for, and the United States' agreement to, the safety-valve reduction under U.S.S.G. § 5C1.2(1)-(5). See Tr. at 21:19-24 (Backinoff). Citing paragraph 87 of the PSR, the United States noted that there

are no factors that take this case out of the heartland of cases.  See Tr. at 22:17-18 (Backinoff).  Finally, the United States proffered three sealed exhibits, which the Court reviewed in camera.  See Tr. at 24:4-11 (Backinoff).

## ANALYSIS

The Court finds that this case does not fall outside the heartland of cases and that a downward variance is not appropriate.  The Court has carefully considered the parties' arguments and the circumstances of this case.  The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant.  Hall has family support and structure, but it was also because of her relationship with her cousin that Hall became involved in criminal activity.  The Court believes that Hall's family support and progress during her stay at the half-way house support a sentence at the low end of the guideline range, but does not believe this fact calls for a downward variance from a guideline sentence.  The Court does not believe that a variance is appropriate, because the base offense level was quite high before the application of the safety valve and this area is one in which Congress has enacted mandatory minimums, which are considerably more that what Hall will receive with the Court's sentence.[2]  The Court concludes that a sentence of 51 months will adequately reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and otherwise fully reflect each of the factors embodied in 18 U.S.C. § 3553(a).  A sentence at the low end of the guideline range -- rather than a variance -- also avoids sentencing disparities among defendants with

---

[2]Ordinarily any person who violates 21 U.S.C. § 841(a), involving possession with intent to distribute 1 kilogram or more of a mixture containing PCP, shall be sentenced to a term of imprisonment which may not be less than ten years.  See 21 U.S.C. § 841(b)(1)(A)(iv).

similar records who are convicted of similar conduct.[3]  Because the Court will make specific recommendations to the Bureau of Prisons ("BOP") to allow her to participate in the BOP's 500-hour drug and alcohol treatment program, the Court also believes that this sentence will provide Hall with some needed education, training, and care to avoid recidivism.  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence.  Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is

---

[3]Hall mentions, in her Sentencing Memorandum, that the Court should vary, because the PSR calculated the guideline base offense level based on the total weight of the substance rather than the actual amount of PCP contained in the diluted substance.  See Sentencing Memorandum at 6.  U.S.S.G. § 2D1.1 provides that, "[i]n the case of a mixture or substance containing PCP . . . use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the PCP (actual) . . . whichever is greater."  U.S.S.G. § 2D1.1 cmt. B.  This language tracks the language in 21 U.S.C. § 841(b), which discusses the penalties for "1 kilogram or more of a mixture or substance containing a detectable amount phencyclidine (PCP)."  21 U.S.C. § 841(b)(iv).  Cf. Chapman v. United States, 500 U.S. 453, 459 (1991)("Congress clearly intended the dilutant, cutting agent, or carrier medium to be included in the weight of these drugs for sentencing purposes.").  Hall did not mention this argument at her sentencing hearing or explain to the Court why is should vary on this ground.  There does not appear to be any allegation that the USPO incorrectly used the weight of the mixture, and using the weight of the mixture was consistent with both the guidelines and with the statute.  Hall does not provide a substantive basis for the Court, under Kimbrough v. United States, 552 U.S. 85 (2007), to determine "that the Guidelines range 'fails to properly reflect § 3553(a) considerations' even in a mine-run case," and thus vary because of a substantive disagreement with the United States Sentencing Commission and Congress' decision that for PCP it is the total weight that establishes the penalty.  552 U.S. at 110.  In any case, the Court does not disagree with the sentencing guidelines on this point.  See United States v. Pena-Macedo, No. 07-1336, 2008 WL 3992135, at *7 (D.N.M. Apr. 28, 2008)(Browning, J.)(refusing to vary from a guideline sentence, where the defendant argued that the Court should take dilution into account).  The Court also notes that the guideline range takes into account the dilution factor by giving Hall a considerable benefit for her status as a courier and applying the safety-valve provision.  Thus, a downward variance to take account of any dilution is unnecessary and would undercut Congress' judgment on this matter.

reasonable. Perhaps most importantly, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Hall to 51-months imprisonment.

**IT IS ORDERED** that Defendant Avis Lynette Hall's request for a downward variance in her Defendant's Sentence Memorandum, filed September 1, 2011 (Doc. 40), is denied. The Court will sentence Hall at the low end of the guidelines range to 51-months imprisonment.

                                                                                              _____
                                                                                              UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Rhonda P. Backinoff
  Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

        *Attorneys for the Plaintiff*

Gail Chasey
Albuquerque, New Mexico

*-- and --*

Nicholas De Pento
San Diego, California

        *Attorneys for the Defendant*